UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KARCZEWSKI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DCH MISSION VALLEY LLC, a California limited liability company, and DOES 1–10,<br><br>　　　　Defendants. | Case No. 14-cv-2639 BAS (BLM)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF 14]** |

　　Plaintiff John Karczewski is a paraplegic individual who uses a wheelchair for mobility. On November 6, 2014, Plaintiff filed this action against Defendant DCH Mission Valley LLC, seeking injunctive relief under Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and additional relief under related state laws. ECF 1. Plaintiff amended his complaint on February 16, 2015. ECF 12. Defendant moves to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). ECF 14. For the following reasons, the Court **GRANTS** Defendant's motion.

## BACKGROUND[1]

This action arises out of Plaintiff John Karczewski's attempts to test drive cars at Defendant DCH Mission Valley LLC's car dealership, DCH Honda. Plaintiff is a level T10/11 paraplegic who is paralyzed from the waist down and cannot walk. In July 2014, Plaintiff visited the dealership. Plaintiff wanted to test drive a vehicle prior to purchase. Dealership representatives advised Plaintiff that vehicles with hand controls are not available. Thus, Plaintiff was not able to test drive a vehicle.

Based on these allegations, Plaintiff brings causes of action against Defendant for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, the California Unruh Civil Rights Act, Cal. Civ. Code § 51-53, and the California Disabled Persons Act, Cal. Civ. Code § 54-54.8. Defendant moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF 14.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] Because this is a motion to dismiss, the Court defers to Plaintiff's factual allegations. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alteration in original). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other grounds).

As a general rule, a court freely grants leave to amend a complaint which has been dismissed. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## DISCUSSION

Defendant moves to dismiss Plaintiff's claims, arguing that a car dealership

is not required by either the ADA or attendant regulations to install hand controls to permit disabled patrons to test drive its vehicles. Defendant is correct.

Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iv), requires places of public accommodation to "remov[e] physical barriers that have the result of excluding persons with disabilities from fully enjoying goods, services, privileges, or advantages." Plaintiff cites 28 C.F.R. § 36.304(b)(21), which lists "installing vehicle hand controls" as an example of "steps to remove barriers."

However, while regulations require a business to remove "architectural barriers . . .that are structural in nature[,]" they do not require businesses to "alter its inventory to include accessible or special goods that are designed for, or facilitate use by, individuals with disabilities." 28 C.F.R. § 36.307(a). Here, Defendant's vehicles are its inventory, not an architectural barrier arising from the structure of its public accommodations. Courts have regularly distinguished between access to goods and the goods themselves, finding that only access to the goods is required by the ADA. *See Doe v. Mutual of Omaha Ins. Co.*, 179 F.3d 557, 560 (7th Cir. 1999). Furthermore, courts have found on identical legal circumstances that the ADA does not require dealerships to provide hand controls for test drives. *Schutza v. FRN of San Diego, LLC*, 3:14-cv-2628 JM (RBB), 2015 WL 574673 (S.D. Cal. Feb. 11, 2015); *Karczewski v. K. Motors, Inc.*, 3:14-cv-02701-MMA (WVG) (S.D. Cal. March 21, 2015). Accordingly, Plaintiff's ADA cause of action is based on an incorrect statutory interpretation and fails to state a claim. Because his state claims are predicated on the viability of his ADA claim, they also fail as a matter of law.

Plaintiff's legal theory is barred by the ADA's statutory schema, and therefore he cannot possibly cure the defects in his complaint. "Because any amendment would be futile, there [is] no need to prolong the litigation by permitting further amendment." *Lipton v.* Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's motion to dismiss and **DISMISSES** this action **WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: April 9, 2015

Hon. Cynthia Bashant
United States District Judge